OCT 17 1989

PATRICIA D.
CLERK OF THE PANEL

RELEASED FOR PUBLICATION

DOCKET NO. 817

IN RE AIR CRASH DISASTER AT SIOUX CITY, IOWA, ON JULY 19, 1989

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, AND HALBERT O. WOODWARD, JUDGES OF THE PANEL

TRANSFER ORDER

PER CURIAM

    This litigation presently consists of nine actions pending in seven federal districts: two actions each in the Northern District of Illinois and Northern District of Iowa, and one action each in the Central District of California, Northern District of California, District of the District of Columbia, Northern District of Ohio and Eastern District of Pennsylvania.[1/] Before the Panel are two motions, pursuant to 28 U.S.C. §1407, seeking to centralize this litigation in a single district for coordinated or consolidated pretrial proceedings.[2/] The first motion, brought by the plaintiff in the action pending in the District of the District of Columbia, seeks

---

[1/] The Panel has been advised of the pendency in various federal district courts of several additional related actions. These actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

[2/] The Section 1407 motions included one additional action -- David Landsberger v. United Airlines, Inc., E.D. Pennsylvania, C.A. No. 89-5476 -- which was voluntarily dismissed on September 18, 1989.

    Also, three of the nine actions before the Panel -- Deborah McKelvey v. United Airlines, et al., C.D. California, C.A. No. 89-5646-R; Donald Musick, et al. v. United Airlines, et al., N.D. California, C.A. No. C-89-3483-AJZ; and Louis Murray, et al. v. United Airlines, et al., N.D. Illinois, C.A. No. 89-C-6856 -- were not included in the motion or cross-motion, but these actions are included in the matter before us because all parties to these actions have stated in writing their respective positions on the motions before us and have presented oral argument.

centralization in the Northern District of Iowa. Defendant United Airlines, Inc. (United) has presented a cross-motion; it seeks to centralize actions in the Northern District of Illinois. Several responding parties also suggest centralization in either the Eastern District of Pennsylvania, Northern District of Ohio, Northern District of California or Central District of California. No responding party opposes centralization under Section 1407. The only dispute among the parties concerns selection of the appropriate transferee forum.

On the basis of papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under Section 1407 in the Northern District of Illinois will best serve the convenience of parties and witnesses and promote the just and efficient conduct of this litigation. All actions share numerous questions of fact concerning the cause or causes of the July 19th air disaster. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Illinois is the appropriate transferee forum. We note that this district is conveniently located for many parties and witnesses; that relevant documents can likely be found within this district at United's headquarters; and that numerous related actions are pending in Illinois state court. Our transfer to the Northern District of Illinois could facilitate coordination among the federal and Illinois state court actions. See Manual for Complex Litigation, Second, §31.3 (1985).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of Illinois be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Suzanne B. Conlon for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

Schedule A

MDL-817 -- In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989

### Central District of California

Deborah McKelvey v. United Airlines, et al., C.A. No. 89-5646-R

### Northern District of California

Donald Musick, et al. v. United Airlines, et al., C.A. No. C-89-3483-AJZ

### District of the District of Columbia

Eloy Gomez, etc. v. United Airlines, Inc., et al., C.A. No. 89-2225

### Northern District of Iowa

Frederick Robinson, Jr., etc. v. McDonnell Douglas Corp., et al., C.A. No. C89-4074

Mark Alan Kauffman, et al. v. United Airlines, Inc., et al., C.A. No. C89-4080

### Northern District of Ohio

Robert Manz v. United Airlines, Inc., et al., C.A. No. 89-CV-7433

### Eastern District of Pennsylvania

William Thomas Mackin v. United Airlines, Inc., et al., C.A. No. 89-5475

### Northern District of Illinois

Robin Walmsley, et al. v. United Airlines, Inc., et al., C.A. No. 89-C-6471

Louis Murray, et al. v. United Airlines, et al., C.A. No. 89-C-6856

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 817         OCT 31 1989

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CLERK OF THE PANEL

IN RE AIR CRASH DISASTER AT SIOUX CITY, IOWA, ON JULY 19, 1989

ORDER DENYING MOTION FOR AMENDMENT OF TRANSFER ORDER

On October 31, 1989, defendant United Airlines filed a Motion for Amendment of Transfer Order in the above-referenced litigation. The motion seeks inclusion of two additional actions in the transfer order of the Panel filed on October 17, 1989. The two additional actions are as follows:

Ozra Vaziri v. United Airlines, Inc., et al., N.D. Georgia, Civil Action No. 89-CV-2015
Theresa Bealer, etc. v. United Airlines, Inc., et al., E.D. Pennsylvania, Civil Action No. 89-6407(CW)

Vaziri and Bealer were not included in the motions in this docket that were heard by the Panel at the September 28, 1989, Panel hearing. Besides actions that were timely enumerated in those motions and thus were embraced by the Panel's notice of hearing, three other actions were included in the transfer order because, as stated in footnote 2 of the order, "all parties to these actions have stated in writing their respective positions on the motions before us and have presented oral argument." Because Vaziri and Bealer did not meet both those criteria, they were omitted from the transfer order and shall remain so.

We call movant's attention to footnote 1 of the transfer order that states that additional related actions "will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988)." Accordingly, conditional transfer orders under Rule 12 were filed in the Vaziri action on October 24, 1989, and in the Bealer action on October 25, 1989.

IT IS THEREFORE ORDERED that the Motion for Amendment of Transfer Order be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman